**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 05-80178-CIV-HURLEY**

VINCENT P. IANNAZZO,

    plaintiff

vs

BRESSLER, AMERY & ROSS, P.C.

    defendant.

_____/



FILED by ___ D.C.

JAN 2 4 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

**MEMORANDUM OPINION & ORDER GRANTING DEFENDANT'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

    **THIS CAUSE** is before the court upon defendant Bressler, Amery & Ross, P.C. ("BRESSLER")'s motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and 12(h)(2). [DE # 9] Having carefully reviewed the motion, together with the plaintiff's response in opposition and the defendant's reply, the court has determined to grant the motion and enter judgment on the pleadings in favor of the defendant BRESSLER.

**Fact & Procedural History[1]**

    This case arises out of actions taken in an unrelated state court proceeding brought by Vincent P. Iannazzo ("Iannazzo") against his former business partner, Milton Stanson ("Stanson")

---

[1]
    The facts recited are derived from the allegations of the plaintiff's complaint in this case, together with the contents of the court file in *Iannazzo v Stanson*, Index No. 603807/03, New York Supreme Court, County of New York, New York, including the memorandum opinion and judgment issued November 24, 2003 (Gammerman, J.), of which this court takes judicial notice. *See generally Heliotrope General Inc. v Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir. 1999); *In re Phillips*, 593 F.2d 356 (8th Cir. 1979).

in New York.  The defendant professional corporation in this case, Bressler, Amery & Ross, P.C. ("BRESSLER") was the attorney of record for Stanson in the New York case, which, following a bench trial, culminated in judgment in favor of Stanson.   By memorandum opinion issued November 24, 2003, the New York court  essentially found  that Iannazzo defrauded Stanson of partnership  properties by lying to Stanson about a  Florida  real estate sale in order to retain  the property or the proceeds of  the  sale  for himself.  This fraud was established, in  part, through evidence of a  recorded telephone conversation  between Stanson, in New York,  and Iannazzo, in Florida,  which Stanson recorded  with a tape recorder affixed to his telephone in New York. Although Iannazzo objected to the introduction of the recording on ground it was procured in violation of the Florida wiretapping statute, §934.03, Florida Statutes, the  New York  court held the recording to be lawful under application of New York law and admitted it into evidence.[2]

------

[2]

  In its memorandum opinion, the New York court  found that Iannazzo "affirmatively and falsely told Stanson that the Florida property had been rented" in a telephone conversation occurring on February 28, 2002.  More specifically,  the court found  Iannazzo falsely stated that to Stanson that he rented the property for $13,500 a month, resulting in a $2,500 profit; that he obtained a $25,000 down payment on the property, which he needed for the attorneys; that he had received three months security, which he had to put into an account for the attorneys; that it was a three year lease, that the tenant was negotiating for an option to buy the Florida property; that the real estate market was not good; that the real estate agent who found the tenant was Coastal Realty, that he paid Coastal Realty a $10,000 commission, a minimum fee; that Coastal Realty would get a 6% commission if they negotiated a sale. [Mem. Opinion, pp. 10-11.]
  The New York court  found  these various  representations by Iannazzo to be  "knowingly false and material, ... made with the intent to  mislead Stanson  by providing details rather than a conclusory representation  that the property had been rented."  Although the court based its ultimate finding of fraud "in substantial part" on the tape recording of this conversation, it noted that "even without this evidence, [the court] would find Iannazzo generally lacking in credibility," [Mem. Opinion, p.11, f.n. 8] and would reach the same conclusion on theory that Iannazzo had a fiduciary duty to affirmatively inform Stanson of the sale of the Florida property prior to seeking his signature on a certain written memorialization or understanding  between the parties. [Mem. Opinion, p.15].

On this predicate, the New York trial court found in favor of Stanson, dissolved the parties' partnership, entered partial judgment for Stanson in the amount of $927,493.00 -- representing one half the proceeds of the sale of the Florida property -- and directed further accounting. On December 27, 2003, the court entered final judgment in the amount of $1,078.890.00, inclusive of interest, a judgment subsequently affirmed by the New York appellate court. *Iannazzo v Stanson,* 8 A.D. 3d 113, 778 N.Y.S.2d 490, 2004 N.Y. Slip Opin. 05158 (N. Y.A.D. 1st Dept., June 15, 2004).

Roughly one month later, on February 2, 2004, Iannazzo conveyed the controversial Florida property to Edward Schweizer. Stanson, in turn filed suit against Iannazzo in Florida state court seeking to avoid the transfer and enforce the New York judgment which it purported to defeat, *Stanson v Iannazzo*, Palm Beach County Circuit Court Case No.502004CA009352, in and for the Fifteenth Judicial Circuit for Palm Beach County, Florida, and, at the same time, moved to hold Iannazzo in contempt in the New York action for violating a provision of the trial court's underlying judgment prohibiting such a conveyance.

On February 7, 2005, the New York court held Iannazzo in contempt, declared the Schweizer conveyance null and avoid *ab initio*, and assessed an additional $36,313.08 fine against Iannazzo.

On April 13, 2005, the Florida court issued similar ruling declaring Iannazzo's conveyance of the Florida property to be null and void *ab initio*. By subsequent order entered August 1, 2005, it further granted Stanson's motion to enforce the New York judgment pursuant under the Florida Enforcement of Foreign Judgments Act.

3

Seeking to avoid the impact of these parallel state court rulings, on August 16, 2005, Iannazzo, joined with Schweizer, filed a declaratory judgment action against Stanson in this court, *see Iannazzo et. al v Stanson*, Case No. 05-80741-CIV- HURLEY, United States District Court, Southern District of Florida, seeking declaration that the New York judgment is unenforceable in Florida because it was based on illegally obtained evidence under Florida law.

In addition, Iannazzo filed civil claims against both BRESSLER and Stanson under §934.10, Florida Statutes, seeking monetary damages for the alleged wiretap violations which produced the evidence leading to the adverse New York judgment. His claim against Stanson for unauthorized interception of the oral communication in question was brought as counterclaim to Stanson's state court enforcement action, *Stanson v Iannazzo*, Palm Beach County Circuit Court Case No.502004CA009352, while his claim against BRESSLER for intentional use of the communication with reason to know it was obtained in violation of the Florida wiretapping statute was filed as a separate state court action on February 3, 2005, *Iannazzo v Bressler, Amery & Ross, P.C.*, Palm Beach County Circuit Court Case No. 2005 CA 001063-AH, an action later removed to this court, under assertion of its diversity jurisdiction, on March 1, 2005. Appearing as the above styled action, *Iannazzo v Stanson*, Case NO. 05-80178-Civ-Hurley, it is now before the court upon BRESSLER's instant motion for judgment on the pleadings.

### BRESSLER's Motion for Judgment on the Pleadings

By its current motion, BRESSLER seeks entry of judgment on the pleadings on alternative grounds that (1) Under the Florida litigation privilege, BRESSLER is absolutely immune from suit for any cause of action arising out of the conduct of its defense of Stanson in the New York action; (2) Under application of collateral estoppel principles, Iannazzo is barred from re-

4

litigating the propriety of BRESSLER's introduction and use of the telephone recordings as evidence during the New York action.

This court agrees that BRESSLER is entitled to entry of judgment on the pleadings based on application of collateral estoppel principles, albeit on different theory than that framed by BRESSLER's motion. Looking first to the issue of whether there is an "oral communication" protected against interception by §934.03, the court concludes, giving the collateral estoppel effect due the finding of fraud made by the New York court,[3] that the telephone conversation in question does not qualify for such protection.   *See   Williams   v Carney*, 2005 WL 2662550 (11th Cir. 2005)(unpub); *Jatar v Lamaletto*, 758 So.2d 1167 (Fla. 3d DCA 2000), *dism*. 786 So.2d 1186 (Fla. 2001). If the recording is not an "oral communication" within the meaning of § 934.03, there exists

---

Under the full faith and credit clause of the United States Constitution, this court is compelled to give this judgment -- and specifically, the New York court's finding on the issue of fraud -- the same collateral estoppel effect to which it would be due under New York law. *See Milltex Industries Corp. v Jacquard Lace Co. Ltd,* 922 F.2d 164 (2d Cir. 1991); *Hwang v. Dunkin' Donuts, Inc.*, 840 F. Supp. 193 (N.D. N.Y. 1994), *aff'd* 28 F.3d 103 (2d Cir. 1994).

There are two essential pre-requisites for application of collateral estoppel under New York law: "There must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling." *Buechel v Bain*, 97 N.Y.2d 295, 302, 766 N.E.2d 914, 918, 740 N.Y.S.2d 252, 256 (N.Y. 2001), *cert. denied*, 535 U.S. 1096 (2002); *Gramatan Home Investors Corp v Lopez*, 46 N.Y.2d 481, 386 N.E.2d 1328, 414 N.Y.S.2d 308 (N.Y. 1979). Preclusion applies to "issues that were actually litigated, squarely addressed and specifically decided." *Liddle, Robinson & Shoemaker v Shoemaker*, 304 A.D.2d 436, 758 N.Y.S.2d 628 ( N.Y.A.D. 1st Dept. 2003)

Both elements are plainly established in this case. First, the decisive issue regarding Iannazzo's fraudulent intent in making the February 2002 telephone communication to Stanson was necessarily and expressly decided in the prior New York action against Iannazzo. Second, Iannazzo had a full and fair opportunity to contest the prior determination of fraud. This court is accordingly required, under application of full faith and credit principles, to find that the oral communications in question were made by Iannazzo with fraudulent intent to deprive Stanson of partnership properties for purposes of determining whether they meet the definition of an "oral communication" under the Florida wiretap statute.

no  potential set of facts which would entitle Iannazzo  to relief for unauthorized interception of the

communication  under §934.10,  Florida Statutes and  BRESSLER  is entitled to entry of judgment

on the pleadings due to  plaintiff's failure to state a claim upon which relief may be granted.  In

addition, because the facts alleged do not show that  BRESSLER  engaged  in criminal action under

Florida law, BRESSLER is protected against the instant claim by absolute immunity under Florida's

litigation privilege. *See  Williams v Carney*, *supra.*

## Standard of Review

Judgment on the pleadings is appropriate where there are no material facts in dispute and

the moving party is entitled to judgment as a matter of law.  *See Palmer & Cay, Inc. v Marsh &*

*McLennan  Co.*,  404  F.3d  1297 (11th Cir. 2005), *citing Riccard v Prudential Insurance Co.,* 307

F.3d 1277 (11th Cir. 2002).  The court must view the facts in the light most favorable to the non-

moving party, and can grant the motion only if the non-movant can prove no set of facts which

would entitle it to prevail. *Id., citing Horsely v Feldt*, 304 F.3d 1125 (11th Cir. 2002).

The court must further confine its analysis to  the allegations of the pleadings, taking  the

facts alleged in the complaint as true and viewing  those allegations in the light most favorable to

the non-movant. *Cannon  v City of  West Palm Beach*, 250  F.3d 1299, 1301 (11th Cir. 2001). If

proof of those allegations  does not  establish  a cause of action, judgment on the  pleadings is

appropriately entered. *Fla. Evergreen Foliage v E.I DuPont de Nemours & Co.,* 165 F. Supp. 2d

1345 (S.D. Fla. 2001), *aff'd* 341 F.3d 1292 (11th Cir. 2003).

In this case, Iannazzo   contends that  the court cannot consider matters outside   the

complaint -- such as the propriety of BRESSLER's use of the Florida wire tap evidence in the New

York action --  without converting the motion for judgment on the pleadings to a motion for

6

summary judgment.[4]  While it is generally true that a court may not consider matters extraneous

to the complaint in resolving a motion for judgment on the pleadings, the court may consider facts

contained in material of which it may take judicial notice without triggering conversion of the

motion to one for summary judgment, *Pryor v National Collegiate Athletic Ass'n*, 288 F.3d 548

(3d Cir. 2002); *Heliotrope General, Inc. v Ford Motor Co.*, 189 F.3d 971 (9th Cir. 1999), including

matters of public record, such as state court pleadings, *see Henson v CSC Credit Services,*

29 F.3d 280, 284 (7th Cir. 1994)(addressing 12(b) motion to dismiss), and  foreign legislation.

*See e.g. J.M. Blythe Motor Lines Corp. v Blalock*, 310 F.2d 77 (5th Cir. 1962)(federal court could

take judicial notice of New York statute of  limitations where issue was raised on motion for

judgment on pleadings, even though defendant did not adduce proof of it).

　　This court accordingly confines the  present analysis to facts alleged in Iannazzo's instant

complaint and the contents of the public record in the New York action.  With this predicate, for

reasons  more particularly discussed below, the court concludes that  judgment on the pleadings

is appropriately entered in favor of BRESSLER.

---
[4]

　　Specifically, Iannazzo complains  that the affidavit of Attorney Lawrence Ross, with its
various exhibits, submitted in support of defendant's motion introduces  matters outside the
pleadings which require conversion of the motion to one for summary judgment.  However, a
review of Attorney Ross' affidavit reveals  - with one exception - that the exhibits in question
consist solely of various court pleadings filed in New York and Florida, matters of which the court
may take judicial notice without converting the motion to one for summary judgment.   *See
generally Heliotrope General Inc. v Ford Motor Co.*, 189 F.3d 971, 981 n. 18 (9th Cir. 1999); *In
re Phillips*, 593 F.2d 356 (8th Cir. 1979). The one extraneous matter referenced is a letter dated
July 12, 2005 between counsel -- explicitly tied to  BRESSLER's incorporated  request for
disgorgement of attorney fees which the court  declines to address -- which is irrelevant to the
matters resolved by this ruling and is accordingly disregarded. *See e.g. Homart Development Co.
v Sigman,* 868 F.2d 1556, 1560 (11th Cir. 1989)(district court can peruse extraneous matters
provided in support of ultimately rejected argument in determining  motion for judgment on
pleadings without triggering  conversion  to summary judgment proceeding).

### Section 934.10 Florida Statues

Section 934.10, Florida Statutes provides a civil remedy for persons whose wire, oral or electronic communications are intercepted, disclosed or used in violation of §§ 934.03-.09, Florida Statutes.

An unlawful interception occurs under § 934.03(1)(d), the relevant provision implicated here, where any person:

> intentionally uses, or endeavors to use, the contents of any wire, oral or electronic communication knowing or having reason to know that the information was obtained through the interception of a wire, oral or electronic communication in violation of this subsection ..

An "oral communication" is defined, in turn, at § 934.02(2) as:

> [A]ny oral communication uttered by a person exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation..

From this qualifying language, "it is clear that the legislature did not intend that every oral communication be free from interception without the prior consent of all the parties to the communication." *State v Inciarrano*, 473 So.2d 1272, 1275 (Fla. 1985). Rather, "[a] reasonable expectation of privacy under a given set of circumstances depends on one's actual subjective expectation of privacy *as well as whether society is prepared to recognize* this expectation as reasonable." *Id.* at 1275. (emphasis in original). *See also State v Smith,* 641 So.2d 849, 852 (Fla. 1994)("[F]or an oral conversation to be protected under § 934.03 the speaker must have an actual subjective expectation of privacy, along with a societal recognition that the expectation is reasonable").

Florida courts have concluded that there is no objective, reasonable expectation of privacy, from a societal standpoint, where a person enters someone else's office with intention of injuring him, *see State v Inciarrano*, 473 So.2d 1272 (Fla. 1985)*(tape recording of gunshots, victim's groans, gushing of blood and falling to floor not protected from interception under§ 934.03); *Jatar v Lamaletto* ( extortionate threat made in victim's business office). Nor is there a socially recognized expectation of absolute privacy in one's own office or place of business, *Morningstar v State*, 428 So.2d 220 (Fla. 1983), a business conference call, *Cohen Brothers LLC v ME Corp., S.A.* 872 So.2d 321 (Fla. 3d DCA 2004), or aborted deposition proceedings. *See Williams v Carney*, 2005 WL 2662550 (11th Cir. October 19, 2005)(unpub.)

In this case, even assuming that Iannazzo held a subjective expectation of privacy in his February 2002 telephone conversation with Stanson, given the circumstances under which it was made - with fraudulent intent to deprive Stanson of partnership properties -- the court does not believe society would recognize this expectation as reasonable. Without a reasonable expectation of privacy, it is not an "oral communication" protected under § 934.03, and Iannazzo is not entitled to the civil remedy provided under § 934.10.

Iannazzo therefore can state no cognizable claim against BRESSLER under Ch. 934 and BRESSLER is entitled to judgment as a matter of law. *See Williams v Carney, supra; Jatar v Lamaletto, supra.*

## Litigation Privilege

Litigation immunity is an affirmative defense which ordinarily cannot be determined on the pleadings. However, any affirmative defense, including the litigation privilege, may be determined on the pleadings when the "complaint affirmatively and clearly shows the conclusive

9

applicability of the defense and bars the action." *Jackson v BellSouth Telecomm.,* 372 F.3d 1250 (11th Cir. 2004), *citing Reisman v General Motors Corporation,* 845 F.2d 289 (11th Cir. 1989); *Rycoline Products Inc. v C & W Unlimited,* 109 F.3d 883 (3d Cir. 1997)*; Fariello v Gavin,* 873 So.2d 1243 (Fla.5th DCA 2004).

Here, the plaintiff's complaint "affirmatively and clearly" establishes that the challenged conduct forming the basis for Iannazzo's instant §934.10 claim against BRESSLER arose in the context of and related to judicial proceedings in New York. This Court may accordingly consider whether litigation immunity bars this claim on the face of the pleadings.

The court is *Erie*-bound to apply Florida law in evaluating plaintiff's state law claims, and accordingly, applies the Florida litigation privilege to the §934.10 claim adjudicated in this court. *Jackson v Bellsouth Telecommunications,* 372 F.3d 1250 (11th Cir. 2004). Under Florida law, absolute immunity attaches to "any act occurring during the course of a judicial proceeding. ... so long as the act has some relation to the proceeding." *Green Leaf Nursery v E.I. DuPont De Nemours & Co.,* 341 F.3d 1292, 1302-03 (11th Cir. 2003). The privilege extends to both the parties and their attorneys, *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell P.A. v United States Fire Ins. Co.,* 639 So.2d 606, 608 (Fla. 1994), and attaches to related acts taking place inside and outside of the courtroom. *Jackson v BellSouth Telecomm.* 372 F.3d 1250 (11th Cir. 2004)(discovery conduct).

In this case, plaintiff bases his civil wiretapping claim on BRESSLER's conduct during litigation of the New York action, and specifically, on BRESSLER's "use" of the intercepted telephone conversation by way of its introduction of the recording into evidence during the New York trial. Such conduct by an attorney during the course of judicial proceedings is protected

10

by absolute immunity under the Florida litigation privilege. *See Williams v Carney*, 2005 WL 2662550 (11th Cir. 2005)(unpub.)(counsel's act of submitting transcript of aborted deposition proceeding as basis for contempt motion against opposing counsel protected by absolute litigation immunity).

Moreover, since there is no protected "oral communication" at issue and hence no underlying violation of the Florida wiretap statute, Iannazzo's equitable argument that the privilege is somehow waived or inapplicable to criminal conduct necessarily fails. *See Williams v Carney*, 2005 WL 2662550 (11th Cir. 2005).

BRESSLER's act of introducing the tapes as evidence in the New York action did not give rise to a violation of the Florida wiretapping statute. Because this act clearly related to the underlying judicial proceeding, BRESSLER is entitled to absolute immunity from this suit under application of the Florida litigation privilege.

### Conclusion

Plaintiff is unable to state a cognizable claim against BRESSLER under §934.10, Florida Statutes because (1) Iannazzo had no reasonable expectation of privacy in the oral representations in question, which were determined to constitute an affirmative fraud by the New York court; and (2) BRESSLER is absolutely immune from suit for its use of the tapes as evidence in the New York action under application of the Florida litigation privilege.

11

It is accordingly **ORDERED AND ADJUDGED:**

1. BRESSLER's motion for judgment on the pleadings [DE# 9] is **GRANTED**. Final judgment shall be entered accordingly in favor of BRESSLER and against Iannazzo, with reservation of jurisdiction to determine attorneys' fees and costs of this action.

2. The court declines to determine BRESSLER's incorporated motion for entry of an order compelling disgorgement of fees paid by Iannazzo to his attorney in this action, finding this matter properly reserved to the province of the New York court which entered the injunction against which the fee payments are alleged to infringe. Accordingly, BRESSLER's companion motion for entry of order of disgorgement is **DISMISSED** for want of jurisdiction without prejudice for renewal of the motion before the appropriate tribunal.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 23ʳᵈ day of January, 2006.

Daniel T. K. Hurley
United States District Judge

cc. all counsel

12

**CLOSED CASE**